## COMMONWEALTH

### *v.*

## GUIGON.

*(Supreme Court of Appeals of Virginia, April, 1886.)*

[Virginia Law Journal, 1886, p. 365.]

**Criminal Proceedings—Information—Jurisdiction Must Appear.***

Notwithstanding sec. 11 of ch. 201, Code 1873, dispensing with the necessity for merely formal allegations in an information or indictment, it is still necessary that it be shown in terms or by proper averments that the case is one of which the court has jurisdiction.

**Same—Same—Facts Constituting the Offence.**

An information is fatally defective which fails to allege all the facts and circumstances necessary to constitute the offence with which it is sought to charge the accused.

Error to the hustings court of Richmond.

The act of assembly of March 15th, 1884, providing for the assessment of license taxes against attorneys-at-law, provides as follows:   "No attorney licensed under this act shall be allowed to bring suit against the commonwealth or any treasurer or collector of taxes for the recovery of money for coupons tendered for taxes, unless he take out a special license therefor, for which privilege he shall pay a specific license tax, in addition to the tax required under this section, of two hundred and fifty dollars."   Acts 1883–4, ch. 450, § 91, p. 597.

---

*See monographic note on "Indictments, Informations and Presentments" appended to Boyle *v.* Com., 14 Gratt. 674 (Va. Rep. Anno.).

On July 6th, 1885, an information was filed against the defendant in error in the hustings court, in the following words : ''Be it remembered, that Samuel B. Witt, attorney for the commonwealth of Virginia, for the city of Richmond, and who in this behalf prosecutes for the said commonwealth, in his proper person comes into the said court, on this 6th day of July, 1885, and here gives the said court to understand and be informed, that A. B. Guigon, Jr., did, within the last twelve months past, bring suit against the commonwealth for the recovery of money for coupons tendered for taxes, without having the special license required by law ; against the peace and dignity of the commonwealth of Virginia.''

To this information the defendant in error demurred, and the court sustained the demurrer ; and to that judgment the commonwealth obtained this writ.

*The Attorney-General*, for the commonwealth.

*R. L. Maury*, for the defendant in error.

HINTON, J., delivered the opinion of the court.

The information filed in this case is fatally defective in not alleging in terms or showing by proper averments that the case is one of which the court has jurisdiction. For whilst, as was said in Lazier's Case, 10 Gratt. 711, there are provisions in the Code dispensing with the necessity of merely formal allegations in the information or indictment, and declaring that ''no indictment or other accusation shall be quashed or deemed invalid'' for any of certain enumerated causes, it is still necessary that the jurisdiction shall be made to appear.   Code 1873, ch. 201, § 11.

The information is radically defective in failing to allege all the facts and circumstances necessary to constitute the offence with which it is sought to charge the defendant in

error ; for example, that the defendant was an attorney-at-law, and was acting in that capacity in bringing the suit; that the suit was brought in a court in which the Commonwealth would be properly sued, etc.   Hord v. The Commonwealth, 4 Leigh 674 ; Comm. v. Israel, Id. 675; Robert's Case, 10 Leigh 720 ; Clark's Case, 6 Gratt. 677 ; Bishop's Case, 13 Gratt. 786.

For these reasons the court is unanimously of opinion to affirm the judgment of the hustings court of the city of Richmond, sustaining the demurrer of the defendant.

Judgment affirmed.